# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS
# KANSAS CITY

| | |
|---|---|
| SUE BLACKWOOD ) <br> 9026 East Skinner ) <br> Wichita, Kansas  67207 ) <br>  ) <br> and ) <br>  ) <br> SCOTT LEWIS ) <br> 11537 West Jewell ) <br> Wichita, Kansas 67209 ) <br>  ) <br> individually and on behalf of a class of ) <br> others similarly situated, ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> vs. ) <br>  ) <br> FUGATE ENTERPRISES, INC. ) <br> 208 S. Maize Road ) <br> Wichita, Kansas 67209 ) <br>  ) <br> and ) <br>  ) <br>  PIZZA HUT OF SOUTHEAST ) <br>  KANSAS, INC. ) <br> 208 S. Maize Road ) <br> Wichita, Kansas 67209 ) <br>  ) <br> and ) <br>  ) <br> LARRY FUGATE ) <br> 208 S. Maize Road ) <br> Wichita, Kansas 67209 ) <br>  ) <br> Defendants. ) <br>  ) <br> Service by serving the Registered Agent for ) <br> Pizza Hut of Southeast Kansas, Inc., ) <br> Larry Fugate, 208 S. Maize Road ) <br> Wichita, Kansas  67209 ) <br> and service on Fugate Enterprises, Inc., ) <br> and Larry Fugate personally at ) <br> 208 S. Maize Road, Wichita, Kansas 67209 ) | Case No. 09-CV-2467 JWL/GLR <br><br> **JURY TRIAL DEMANDED** |

1

## COMPLAINT

**COMES NOW** Plaintiffs Sue Blackwood and Scott Lewis, individually and on behalf of all others similarly situated, by and through counsel, and hereby set forth their representative action for violation of the Fair Labor Standards Act under §216(b) as follows:

## PRELIMNARY STATEMENT

1. Plaintiffs bring this action against Defendants Fugate Enterprises, Inc, Pizza Hut of Southeast Kansas and Larry Fugate ("Defendants") for unpaid wages, and related penalties and damages pursuant to the Fair Labor Standards Act. Defendants' practice and policy is to fail and refuse to properly pay federally-mandated minimum wage to its employee delivery drivers. Doing so is in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

## PARTIES

2. Fugate Enterprises, Inc. ("Fugate, Inc.") is a franchise company that manages and owns approximately 300 Pizza Hut Stores throughout the United States with locations in Alabama, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas, Virginia, Washington, West Virginia, Wisconsin, and Wyoming.

3. Upon information and belief, Fugate, Inc.'s principal place of business is located at 208 S. Maize Road, Wichita, Kansas, 67209.

4. Pizza Hut of Southeast Kansas, Inc. ("PHSEKS") is also a franchise company that manages and owns approximately 24 Pizza Hut stores throughout the United States with locations in California, Kansas, Kentucky, New York, Oklahoma and Tennessee.

5. PHSEKS is a Kansas Corporation with its principal place of business and registered office located at 208 S. Maize Road, Wichita, Kansas, 67209.

6. Larry Fugate is the Registered Agent for PHSEKS.

7. Upon information and belief, Larry Fugate is the owner and operator of both Fugate, Inc. and PHSEKS.

8. Upon information and belief, Fugate, Inc., PHSEKS and Larry Fugate together employ the same delivery drivers.

9. As owner and/or officer of Fugate, Inc., Larry Fugate may accept service on behalf of Fugate, Inc.

10. Upon information and belief, at all times Larry Fugate solely owned, operated and/or controlled many of the day to day affairs of the delivery drivers employed by Defendants.

11. Larry Fugate is an employer within the meaning of the FLSA.

12. Defendants own and operate Pizza Hut franchise stores. The primary function of these restaurants is to sell pizza and various other food-related items to customers, whether they dine in the restaurants, carry out or have their food and other items delivered.

13. Defendants' separate yearly gross operating revenues are in excess of $500,000.00.

14. The Defendants are employers within the meaning of the FLSA in that they are engaged in interstate commerce, their employees are engaged in commerce and their gross operating revenues are in excess of $500,000.00.

15. At all relevant times, Defendants were Plaintiffs' employer and thus may be liable to Plaintiffs as employers, joint employers, single employers and/or otherwise according to statutory and common law.

16. Plaintiff Sue Blackwood currently resides at 9026 East Skinner, Wichita, Kansas, 67207, and has been employed by Defendants as a delivery driver in Wichita, Kansas.

17. Plaintiff Scott Lewis currently resides at 11537 West Jewell, Wichita, Kansas, 67209, and was formerly employed by Defendants as a delivery driver in Wichita, Kansas.

18. At all relevant times herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

## JURISDICTION AND VENUE

19. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. §§ 201, *et seq.*

20. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendants have offices, conduct business, have substantial business contacts that can be found in the District of Kansas, and the causes of action set forth herein have arisen, at least in part, and occurred, at least in part, in the District of Kansas.

21. Venue is further proper under 29 U.S.C. § 1132(e)(2) because the Named Plaintiffs reside in Kansas and because some of the unlawful acts alleged herein occurred in Kansas.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

22. Plaintiffs reassert and re-allege each and every allegation set forth above.

23. Plaintiff Sue Blackwood has been employed by Defendants since approximately October 16, 2008.

24. During this time frame, Plaintiff Sue Blackwood performed and continues to perform work in the position of delivery driver for Defendants.

25.     Plaintiff Scott Lewis was employed by Defendants from approximately July 20, 2006 to January 29, 2008.

26.     Thereafter, he was again employed by Defendants from October 28, 2008 through January 13, 2009.

27.     During these time frames, Plaintiff Scott Lewis performed work in the position of delivery driver for Defendants.

28.     Each of Defendants' Pizza Hut restaurants employs delivery drivers whose duties include delivering pizzas and other food-related items to customers.

29.     All delivery drivers employed by Defendants over the last three years had similar job duties and functions.

30.     As a requirement of their job and for use in performing their delivery services, Defendants require their delivery drivers to maintain safe, operable and legally-compliant automobiles at the delivery drivers' expense.

31.     Defendants further require their delivery drivers to incur other job-related expenses in performing delivery services for Defendants, including but not limited to: gasoline, vehicle depreciation, vehicle parts and fluids, repair and maintenance services, and automobile insurance ("delivery vehicle expenses").

32.     All delivery vehicle expenses are incurred for the primary benefit of Defendants.

33.     Defendants paid Plaintiffs and all their other delivery drivers an hourly wage of approximately the applicable federal or state minimum wage plus a delivery fee as partial reimbursement for their delivery vehicle expenses.

34.     The set delivery payment/fee amount paid by Defendants to their delivery drivers is insufficient to reimburse delivery drivers for delivery vehicle expenses incurred in performing delivery services for Defendants.

35.     By incurring and expending the delivery vehicle expenses, Plaintiffs and all other delivery drivers employed by Defendants were deprived of federal and state minimum wages.

36.     Pursuant to Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees are entitled to be compensated at a rate of $5.15 per hour before July 24, 2007, $5.85 per hour from July 24, 2007 through July 24, 2008, $6.55 per hour since July 24, 2008 and $7.25 per hour since July 24, 2009.

37.     Defendants, via Larry Fugate, have approved, implemented and utilized pay policies and procedures which willfully fail to compensate their delivery drivers federal minimum wage, which is in violation of the Fair Labor Standards Act.

38.     Upon information and belief, Plaintiffs state that Defendants utilize the same pay practices and policies with respect to all of their delivery drivers at all of Defendants' Pizza Hut locations throughout the United States.

39.     In utilizing and implementing their pay policies and procedures for their delivery drivers, Defendants have not relied on any tip credit to satisfy federal minimum wage requirements.

40.     The Named Plaintiffs, and all others similarly situated, are not exempt from the requirements of the FLSA.

41.     There are common questions of fact and law in this case that predominate over any questions affecting only individual members, such as whether Defendants failed to pay their delivery drivers the federally-mandated minimum wage rate pursuant to the FLSA.

42.     Plaintiffs bring this Complaint as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by the Defendants as delivery drivers within three years from the commencement of this action who have not been compensated at the federal minimum wage rate.

43.     Plaintiffs, and all other similarly situated persons, are current and former delivery drivers employed by Defendants in Alabama, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas, Virginia, Washington, West Virginia, Wisconsin, and Wyoming.

44.     The identity of other putative plaintiffs may be determined from Defendants' records, and potential class members may easily and quickly be notified of the pendency of this action.  To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

45.     Defendants knew or should have known that their pay policies and procedures for their delivery drivers failed to compensate their delivery drivers at the federally-mandated minimum wage rate at all relevant times.

46.     Defendants acted willfully and knew, and/or showed reckless disregard for, whether they are violating the minimum wage requirements of the FLSA.

47.     Defendants did not act in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof,

Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b).

48. Plaintiffs, and all similarly situated employees, are entitled to damages equal to the difference between the minimum wage and actual wages received after deduction for delivery vehicle expenses within the three years preceding the filing of this Complaint.

49. Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis for Defendants unlawful policy and practice of failing to pay their delivery drivers the federally-mandated minimum wage; in that after the delivery drivers' delivery vehicle related expenses are factored in, the delivery drivers are not being compensated at the federal minimum wage rate.

50. Plaintiffs, on behalf of themselves and all similarly situated employees of Defendants, seek damages in the amount of all unpaid minimum wages, plus liquidated damages, attorney fees and costs incurred in this action as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

**WHEREFORE**, Plaintiffs, on behalf of themselves and all proposed members of the FLSA representative action, pray for relief as follows:

    a. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Sue pursuant to U.S.C. § 216(b); and

b. Designation of Plaintiffs Sue Blackwood and Scott Lewis as Representative Plaintiffs of the putative members of the FLSA representative action; and

c. An award of damages for all unpaid minimum wage compensation due for the Plaintiffs and the putative members of the class, including liquidated damages, to be paid by Defendants; and/or

d. Pre-Judgment and Post-Judgment interest, as provided by law; and

e. Costs and expenses of this action incurred herein, including reasonable attorney fees and expert fees; and

f. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury of all issues triable by jury.

## DESIGNATION OF PLACE OF TRIAL

Plaintiffs designate Kansas City, Kansas as the place for trial.

Respectfully submitted,

s/ Michael F. Brady
Michael F. Brady     KS# 18630
**Brady & Associates**
10901 Lowell Ave., Ste. 280
Overland Park, KS  66210
Tel: (913) 696-0925
Fax: (913) 696-0468
brady@mbradylaw.com
**ATTORNEYS FOR PLAINTIFFS**